## IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| David Antonio Little, Jr.,<br><br>                    Plaintiff,<br>        v.<br><br>Eric McDaniel, Nurse; David Timmons,<br>Correctional Officer; and Sergeant Quick,<br>Correctional Officer,<br><br>                    Defendants. | C/A: 0:22-cv-4288-RMG<br><br><br>**ORDER AND OPINION** |

Before the Court is the Report and Recommendation ("R&R") (Dkt. No. 136) of the Magistrate Judge recommending that the Court grant Defendants' motion for summary judgment. Defendant has filed objections to the R&R. (Dkt. No. 139).[1] The Court adopts in part the R&R as the Order of the Court and grants Defendants' motion for summary judgment (Dkt. No. 104).

### Factual Background

This suit is one of fifteen lawsuits Plaintiff has filed *pro se* alleging violations of his legal rights by various government officials associated with his arrest, conviction, detention, and/ or incarceration. (Dkt. No. 91). Two of these cases named these very Defendants for the conduct alleged in this lawsuit.[2] The overwhelming majority of these cases have been summarily dismissed and Plaintiff has been denied *in forma pauperis* status under 28 U.S.C. § 1915(g) because on three or more occasions, while incarcerated or detained, he has had cases dismissed as frivolous,

---

[1] Plaintiff, acting *pro se*, filed a response to the R&R titled "Motion to Amend Judgment." (Dkt. No. 139). Since the R&R is not a final judgment, the proper method to raise objections to the R&R is by filing a document specifically identifying objections to the R&R. In accord with the Court's duty to liberally construe filings of *pro se* parties, the Court will treat Plaintiff's Motion to Amend Judgment as a submission of objections to the R&R.
[2] *Little v. McDaniel*, C.A. No. 0:23-2872-RMG; *Little v. McDaniel*, C.A. No. 0:23-2186-RMG.

malicious or because they failed to state claim upon which relief may be granted.[3]    None of

Plaintiff's lawsuits to date have survived summary judgment.

Plaintiff is presently incarcerated at the Kershaw Correctional Institution, a facility of the

South Carolina Department of Corrections, where he is serving a ten-year sentence for three counts

of resisting arrest/assaulting a police officer. (Dkt. No. 104-2).    This lawsuit involves claims

related to events which occurred at the Florence County Detention Center where Plaintiff was held

as a pretrial detainee.

The record before the Court shows that on March 22, 2021, Plaintiff arrived at the Florence

County Detention Center on a transfer from the Chesterfield County Detention Center. (Dkt. No.

104-3 at 4).    Immediately upon arrival at the Florence facility, Plaintiff attempted to run away from

the officers and had to be restrained.    Once brought into the Florence facility, he resisted a routine

pat down search, yelled and cursed at detention center staff, and was combative with officers in

booking.    Plaintiff was then placed in a restraint chair to obtain control over him. (*Id.*)

Defendant McDaniel, a LPN at the Florence County Detention Center, was informed that

Plaintiff was being combative and aggressive toward correctional staff.    He communicated with

the Chesterfield County Detention Center from which Plaintiff had been transferred earlier that

day.    McDaniel was informed by a nurse at the Chesterfield County facility that Plaintiff had "daily

episodes of psychosis" and had once been sent to the local emergency room for altered mental

state. (Dkt. No. 104-3 at 5).    McDaniel was also informed that Plaintiff had been combative with

Chesterfield County Detention Center staff. (*Id.*).

McDaniel then communicated with the detention center medical officer, Family Nurse

Practitioner Jordan Sauls, and provided her details regarding the situation with Plaintiff.    Sauls

---

[3]    *Little v. Copeland,* C.A. No. 4:23-2081-RMG, Dkt. No. 29 at 3-4.

ordered Haldol 10 mg. immediate release and Benadryl 50 mg IM to be administered to Plaintiff. (*Id*. at 5, 6). McDaniel documented that Plaintiff tolerated the medication "well." (*Id.* at 5).

One week later, on May 29, 2021, Plaintiff filed a grievance with the Florence County Detention Center against Defendant McDaniel, stating that McDaniel "injected me with medication unknown to myself while I was in the restraint chair after informing him that I did not consent. I fear that this nurse may have injected me with COVID-19 or maybe something more severe." (*Id*. at 7). McDaniel responded to the grievance that Plaintiff had been administered Haldol and Benadryl per medical orders "due to you being a risk for harm to others and yourself." McDaniel further stated that Plaintiff had attempted to spit on medical staff before the injections were administered. (*Id*.). No reference was made in Plaintiff's grievance to Defendants Timmons or Quick.

Plaintiff filed this lawsuit against Defendants Nurse McDaniel and Correctional Officers Timmons and Quick on November 28, 2022. (Dkt. No. 1). Plaintiff alleged McDaniel had administered "unknown medications" while in a restraint chair and that four officers witnessed the "forced medical injections without my consent." (*Id*. at 4, 5). Plaintiff further alleged in the complaint that Defendant Timmons maced him in his cell and slammed his fingers in the food flap. (Dkt. No. 1-1). He further alleged Defendants Timmons and Quick "tasered" him "while behind my cell door." (*Id*.).

The Magistrate Judge issued a R&R on July 31, 2024 recommending that the Court grant Defendants' motion for summary judgment. (Dkt. No. 136). The Magistrate Judge recommended that summary judgment be granted regarding the claims against Defendants Timmons and Quick because Plaintiff had failed to exhaust his administrative remedies. (*Id.* at 7-9). The Magistrate Judge further recommended that summary judgment be granted regarding the claim against

Defendant McDaniel on the basis of qualified immunity because there was no controlling authority

that the administering of medications under emergency circumstances to a combative and agitated

detainee violated an established constitutional right. (*Id.* at 9-13).  Plaintiff objected to the R&R,

contending that there was a genuine issue of material fact whether the administration of Haldol

under these circumstances constitutes a matter of settled constitutional law and that he had

exhausted his administrative remedies but Defendants have refused to produce the grievance

forms. (Dkt. No. 139).[4]

**Legal Standard**

This Court liberally construes complaints filed by *pro se* litigants to allow the development

of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404

U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore

a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the

Court assume the existence of a genuine issue of material fact where none exists. *See Weller v.

Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

The Magistrate Judge makes only a recommendation to this Court.  The recommendation

has no presumptive weight, and the responsibility for making a final determination remains with

this Court.  *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  This Court is charged with

making a *de novo* determination of those portions of the R&R to which specific objection is made.

Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  Where the plaintiff fails

---

[4]  The R&R also recommended the grant of summary judgment because Plaintiff failed to timely
respond to requests to admit and the untimely submitted responses did not properly respond to
the requests to admit. (Dkt. No. 136 at 3-5).  The Court finds it unnecessary to reach this issue
since the issues of the failure to exhaust administrative remedies and qualified immunity dispose
of all of Plaintiff's claims against Defendants.

to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted).  Because Plaintiffs did not file objections to the R&R, the R&R is reviewed for clear error.

## Discussion

A.  <u>Failure to Exhaust Administrative Remedies</u>:

The Magistrate Judge correcting noted that the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), requires an inmate challenging prison conditions under § 1983 to first exhaust available administrative remedies of the prison or detention facility. (Dkt. No. 136 at 7). An exception exists only where the plaintiff can carry his burden of demonstrating that existing administrative remedies were unavailable to him.  *Ross v. Blake*, 578 U.S. 632, 642 (2016).  The Florence County Detention Center plainly had a functioning grievance process since Plaintiff filed an inmate grievance against Defendant McDaniel on March 29, 2021 and received a response to this grievance on March 31, 2021. (Dkt. No. 104-3 at 7).  No reference was made in that grievance or any other grievance to alleged conduct of Defendants Timmons and Quick. Defendant has failed to carry his burden to demonstrate that the Florence County Detention Center was unavailable to him regarding claims against Defendants Timmons and Quick or that he had filed a grievance against Defendants Timmons and Quick.  Consequently, the Court concurs in the recommendation of the Magistrate Judge that Defendants Timmons and Quick are entitled to summary judgment because Plaintiff failed to exhaust his administrative remedies before filing suit against them in this action. (Dkt. No. 136 at 9).

B. Qualified Immunity:

The Magistrate Judge correctly identified the proper standard for determining whether a governmental official is entitled to qualified immunity under *Pearson v. Callahan*, 555 U.S. 223, 231-32 (2009).    A court must determine (1) whether the defendant's conduct violated a constitutional right; and (2) whether the right was clearly established at the time of the alleged misconduct.    The record before the Court and the relevant case law demonstrate Defendant McDaniel's entitlement to qualified immunity.    It is well settled in this Circuit that under emergency circumstances prison medical personnel may administer psychotropic medications without first conducting a due process hearing.  *Hogan v. Carter*, 85 F.3d 1113, 1116-19 (4th Cir. 1996).  Further, a medical professional, such as Nurse McDaniel, would not be expected to know that the administering of medication to a detainee under the emergency circumstances present in this action constituted a constitutional violation since this was plainly not a matter of settled constitutional law. *See Doe v. Syerud*, No. 19-2252, 2022 WL 563243, at *4-5 (4th Cir. 2022). Thus, Defendant McDaniel is entitled to qualified immunity since Plaintiff cannot satisfy either of the prongs of *Pearson*.  The Court concurs in the recommendation of the Magistrate Judge that Defendant McDaniel is entitled to qualified immunity in this case. (Dkt. No. 136 at 13).

## Conclusion

The Court adopts the R&R of the Magistrate Judge (Dkt. No. 136) as the Order of the Court, except for those portions of the R&R related to Plaintiff's responses to requests to admit and the related issue of damages. (*Id*. at 3-6).  Specifically, the Court adopts the findings and conclusions of the R&R regarding Plaintiff's failure to exhaust administrative remedies and Defendant McDaniel's entitlement to qualified immunity and **GRANTS** Defendants' motion for summary judgment. (Dkt. No. 104). This action is **DISMISSED WITH PREJUDICE.**

**AND IT IS SO ORDERED.**

<u>s/Richard M. Gergel</u>
Richard Mark Gergel
United States District Judge

August 28, 2024
Charleston, South Carolina